UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-81468-CIV-MARRA

OSCAR GEOVANY CARCAMO,

    Plaintiff,

vs.

NORGAS CARRIERS AS, a foreign
corporation, and IBERPAN SHIP
MANAGEMENT, S.A., a foreign
corporation,

    Defendants.
_____/

**OPINION AND ORDER**

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, Failure to State a Claim, and Insufficient Service of Process (DE 13); Defendant's Motion to Strike Demand for Jury Trial (DE 14); and Plaintiff's Motion to Continue Any Final Ruling on Defendant's Motion to Dismiss for Lack of Jurisdiction Until Such Time As Plaintiff Has Completed Jurisdictional Discovery (DE 18). The Court has carefully considered the motions, the entire Court file and is otherwise fully advised in the premises.

**Background**

Oscar Geovany Carcamo ("Plaintiff") filed this action against Norgas Carriers AS ("Carriers") and Iberpan Ship Management, S.A. ("Iberpan") (collectively "Defendants") for injuries resulting from an accident aboard the cruise ship *M/V Norgas Energy* on or about January 26, 2006. (Compl. ¶¶ 1, 8.) As a result of his injuries, Plaintiff brings a claim for maintenance and cure arising under this Court's original admiralty jurisdiction as set forth in 28 U.S.C. § 1333 and for failure to treat arising under 46 U.S.C. § 30104 (the "Jones Act"). (Compl.

¶ 1.)

Defendant Carriers ("Defendant") moves to dismiss the complaint based on insufficient service of process. Defendant supports its motion with the declarations of Terje Orehagen ("Orehagen") (Orehagen Decl., attached to DE 13), President of Carriers, and Hans Verswijver ("Verswijver") — the Vice President of Marketing and Chartering Atlantic for Norgas Americas (Verswijver Decl., attached to DE 13). With respect to service of process, Plaintiff makes the following arguments: (1) the motion to dismiss for insufficient service is premature because no return of service has been filed; (2) discovery will show that Verswijver is an actual agent of Carriers; and (3) the relationship and corporate structure of the entities, Norgas Americas and Carriers, "imply the power to bind each other." (Resp. at 3, 9-10.)

### A. Defendant's Evidence

On or about January 26, 2010, Plaintiff's process server attempted to effect service on Carriers and Orehagen at "the office of Norgas Americas, Inc. located at Two Houston Center, 909 Fannin Street, Suite 3300, Houston, Texas 77010." (Verswijver Decl. ¶ 8.) Upon arriving, the process server attempted to serve Verswijver with both the summons and complaint. (Verswijver Decl. ¶ 8.) Verswijver informed the server that he was not authorized to accept service on behalf of Carriers or Orehagen and proceeded to escort the server out of the suite. *Id*. At no time did Verswijver accept or receive the summons and complaint before the process server left. *Id*. The next day, Verswijver learned that an envelope containing copies of the summons and complaint had been left at an unattended reception desk in the shared reception area of the suite. (Verswijver Decl. ¶ 9.) He then forwarded the documents to Carriers at their office in Oslo, Norway. (Verswijver Decl. ¶ 10.) Defendant maintains that Verswijver is not now,

nor has he ever been an officer, director, shareholder, owner, principal, registered agent or manager of Carriers, nor was he authorized to accept service of process on its behalf. (Verswijver Decl. ¶¶ 3, 4.) Defendant also maintains that Norgas Americas, Inc. is not an owner, shareholder, principal, registered agent or manager of Carriers, nor is it authorized to accept service of process on behalf of Carriers or Orehagen. (Orehagen Decl. ¶¶ 15, 16.)

### B. Plaintiff's Evidence

Plaintiff submits a document outlining the corporate structure of Defendant. (DE 18-1.)

### Discussion

In a federal admiralty action, service of process upon a corporation may be made pursuant to Rule 4(h)(1) of the Federal Rules of Civil Procedure.[1] This provision provides, in relevant part, as follows:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation . . . must be served:
>
> **(1)** in a judicial district of the United States:
>
> **(A)** in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> **(B)** by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and — if the agent is one authorized by statute and the statute so requires — by also mailing a copy of each to the defendant.
>
> FED. R. CIV. P. 4(h).

Rule 4(e)(1) states:

> Unless federal law provides otherwise, an individual — other than a minor, an

---

[1] In admiralty cases, the Supreme Court has held that the manner and timing of serving process is a generally nonjurisdictional matter of "procedure" controlled by the Federal Rules. *See Henderson v. U.S.*, 517 U.S. 654, 656 (1996).

incompetent person, or a person whose waiver has been filed — may be served in a judicial district of the United States by:

**(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.

F ED. R. C IV. P. 4(e)(1).

Thus, Rule 4(e) points out that service is proper pursuant to the law of the state in which the district court is located (Florida) or in which service is effected (Texas).

Under Texas law, service of process on corporations is governed by sections 5.201 and 5.255 of the Texas Business Organizations Code ("Code"). These statutes establish the responsibility of corporations to designate a registered agent, specify the requirements for the office of a registered agent, and specify additional agents of a corporation for the purposes of service of process. T X. B US. O RG. §§ 5.201, 5.255 (2006). Essentially, the Code provides that service of process may be made upon a corporation's registered agent, president, or vice president. As the party requesting service, it is the responsibility of the plaintiff to make certain that service of process is properly accomplished. *Primate Constr., Inc. v. Silver*, 884 S.W. 2d 151, 153 (Tex. 1994) (per curiam). "This responsibility extends to seeing that service is properly reflected in the record." *Id*.

With regard to service of process upon corporations, Florida law provides that:

(1) Process against any private corporation, domestic or foreign, may be served:

(a) On the president or vice president, or other head of the corporation;
(b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;
(c) In the absence of any person described in paragraph (a) or paragraph (b), on any director; or

4

(d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state.

(2) If a foreign corporation has none of the foregoing officers or agents in this state, service may be made on any agent transacting business for it in this state.

(3)(a) As an alternative to all of the foregoing, process may be served on the agent designated by the corporation under § 48.091. However, if service cannot be made on a registered agent because of failure to comply with § 48.091, service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent.

Florida Statutes § 48.081

Under Florida law, "statutes that govern service of process are to be strictly construed to insure that a defendant receives notice of the proceedings . . . The burden of proving the validity of the service of process is on the plaintiff." *Anthony v. Gary J. Rotella & Associates, P.A.*, 906 So. 2d 1205, 1207 (Fla. Dist. Ct. App. 2005); *see Carter v. Lil' Joe Records*, 829 So. 2d 953, 954 (Fla. Dist. Ct. App. 2002); *ARW Exploration Corp. v. Kartsonis*, 576 So. 2d 1369, 1370 (Fla. Dist. Ct. App. 1991). Service upon a corporation can only be made upon a representative or agent of the corporation designated by law. *Dade Erection Svc., Inc. v. Sims Crane Svc., Inc.*, 379 So. 2d 423, 425 (Fla. Dist. Ct. App. 1980).

Here, Plaintiff attempted to serve Carriers through the vice president of what Plaintiff alleges is a subsidiary, Norgas Americas. Yet nothing in the record indicates that Norgas Americas' vice president, Verswijver, held any capacity which would allow service on him to be deemed valid on Carriers. Thus, Plaintiff has not met his burden of proving that service has been made under the applicable Texas or Florida law.

Significantly, although Plaintiff admits that other avenues of service exist,[2] he nevertheless attempted service at the location of the "wholly owned subsidiary corporation," Norgas Americas.[3] (DE 18 at 3.) Consequently, Plaintiff urges the Court to find that service on a subsidiary constitutes valid service on a parent as if the existence of such a relationship is enough, by itself, to verify such service. Yet here, the only "evidence" Plaintiff produces for the Court to consider on this point is a chart outlining the corporate relationship between Carriers and Norgas Americas. (DE 18-1.) At best, this chart merely reflects the possible existence of a parent-subsidiary relationship. Even if the Court were to assume that such a relationship existed here, it is well established that the presence of a parent-subsidiary relationship is not necessarily enough to validate service. *See Voorhees v. Cilcorp, Inc.*, 837 F. Supp. 395, 403 (M.D. Fla. 1993) (citing *Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333 (1925)) ("The mere existence of a parent-subsidiary relationship does not validate service upon the subsidiary in order to reach the parent under a long-arm statute"); *cf. Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1293 (11th Cir. 2000) (citing *Cannon Mfg.*, 267 U.S. 333) ("It is well established that as long as a parent and a subsidiary are separate and distinct corporate entities, the presence of one in a forum state may not be attributed to the other").

The Court also rejects Plaintiff's argument that Defendant's motion is premature because no return of service has been filed. A proof of service provides just that, proof to the court that service has been effected, and does not impact the time-frame for responding to a complaint.

---

[2] For example, Plaintiff points to service under the Hague Convention as another avenue of service.

[3] Carriers does not concede that there is a parent-subsidiary relationship. (DE 24., n.2.)

FED. R. CIV. P. 4(l), 12(a)(1)(A)(i). Finally, Plaintiff has not made a showing that discovery is necessary to effectuate service or to show service was accomplished. *See Patterson v. Brown*, Civil No. 3:06cv476, 2008 WL 219965, *7 (W.D.N.C. Jan. 24, 2008) (concluding that plaintiff was not entitled to preliminary discovery on the issue of service as no Rule 26(f) conference had yet taken place but noting that even if plaintiff had sought leave from the Court to propound discovery, such discovery would have been denied as irrelevant because any information obtained could have just as easily been established by other sources).

In sum, "[s]ervice of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Investments*, 553 F.3d 1351, 1360 (11th Cir. 2008). Given that Plaintiff has not met its burden under Florida or Texas law, service must therefore be quashed. Plaintiff may attempt to re-serve Defendant within 60 days of the date of entry of this Order.[4]

**Conclusion**

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

1) Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, Failure to State a Claim, and Insufficient Service of Process (DE 13) is **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART.** Plaintiff has 60 days to re-serve Defendant.

2) Defendant's Motion to Strike Demand for Jury Trial (DE 14) is **DENIED WITHOUT**

---

[4] Because service was not effected, the Court need not address Defendant's arguments regarding Plaintiff's failure to state a claim, Plaintiff's lack of personal jurisdiction, any applicable statutes of limitation, or Defendant's motion to strike the demand for a jury trial (DE 14). Once service is accomplished, these arguments may be re-asserted.

**PREJUDICE.**

3) Plaintiff's Motion to Continue Any Final Ruling on Defendant's Motion to Dismiss for Lack of Jurisdiction Until Such Time As Plaintiff Has Completed Jurisdictional Discovery (DE 18) is **DENIED AS MOOT.**

Done and Ordered in Chambers in West Palm Beach, Florida, this 22nd day of July, 2010.

_____
KENNETH A. MARRA
United States District Judge

copies to:

All counsel of record